IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wells Fargo Bank, N.A., *successor by Merger to Wachovia Bank, National Association*, | ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| | ) C.A. No. 4:12-CV-01345-TLW |
| Kevin Jaynes, Cherri Jaynes, Arrow Van Lines, Inc., and A-1 Moving Systems, Inc., | ) ) ) |
| Respondents. | ) ) ) |

# **ORDER**

This matter is before the Court on Wells Fargo Bank, N.A.'s ("Petitioner") Motion to Confirm Arbitration Award (Doc. # 1) and Motion for Entry of Default Judgment (Doc. # 8). Kevin Jaynes, Cherri Jaynes, Arrow Van Lines Inc., and A-1 Moving Systems ("Respondents") have not filed any response or opposition to the Petitioner's motions.

The Petitioner instituted this action on May 21, 2012 when it filed a Motion to Confirm Arbitration Award seeking confirmation of December 22, 2011 award to the Petitioner of $152,700.00 in principal, interest, and late fees; $13,166.60 in costs, including reasonable attorney fees; and $3,915.00 representing the portion of the fees and expenses in excess of the apportioned costs previously incurred by Petitioner. (Doc. #1, Exhibit B). Thereafter, on October 1, 2012, Petitioner filed a Motion for Default Judgment (Doc. # 8) seeking entry of default on the

Motion to Confirm Arbitration Award. The Clerk entered default as to the Respondents on December 17, 2012. (Doc. # 10).

## I. BACKGROUND AND PROCEDURAL HISTORY

Respondent A-1 Moving Systems, Inc. ("A-1") entered a promissory note on March 5, 2008 with Wachovia Bank, N.A. Also on March 5, 2008, Respondents Arrow Van Lines, Inc., Kevin Jaynes, and Cherri Jaynes executed unconditional guaranties for the loan. Respondent A-1 renewed the Promissory note on April 23, 2010. The Promissory Note, renewed Promissory Note, and both Guaranties contained binding arbitration language. (Doc. #1, Exhibit C at 6, 13, 19, 25). Pursuant to this arbitration language, Petitioner Wells Fargo, N.A., successor by merger to Wachovia Bank, N.A., filed a Demand for Arbitration on July 22, 2011, alleging that the Respondents defaulted on the Promissory Note and Guaranties and that the defaults had not been cured. According to the Petitioner's Motion to Confirm Arbitration, Petitioner served the Respondents with the Demand for Arbitration but the Respondents failed to answer.

Thereafter, the matter was referred to the arbitrator, and a preliminary hearing was held on October 20, 2011. Respondents failed to appear at the hearing and the arbitrator entered an award for the Petitioner on December 22, 2011. The arbitrator held that "Respondents, jointly and severally, shall pay to Claimant $152,700 in principal ($139,583.40), interest and late fees through the date of the award, and costs including reasonable attorney fees ($13,166.60)." (Doc. #1, Exhibit B). The arbitrator further held that "Respondents…, jointly and severally, shall reimburse Wachovia Bank, National Association the sum of $3,915.00, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Wachovia Bank, National Association." (Doc. #1, Exhibit B). Petitioner asserts that Respondents have

failed to satisfy their obligations pursuant to the award and that they have failed to answer or otherwise respond to the Motion to Confirm Arbitration Award in this proceeding. (See Doc. # 8). Petitioner premises its Motion for Default Judgment on this failure to answer or otherwise respond.

## II.     STANDARD OF REVIEW

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits…, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." Id. (citations omitted).

## III.    DISCUSSION

As noted above, the Petitioner and Respondents agreed to binding arbitration in the loan documents. The matter was submitted to arbitration, and following a hearing, the arbitrator entered an award for the Petitioner. Petitioner filed its Motion to Confirm Arbitration Award on May 21, 2012, and Respondents' responses to the motion were due by June 7, 2012. Between July 4, 2012 and September 10, 2012, Petitioner filed Affidavits of Service for Motion to Confirm Arbitration as to all four Respondents. (Docs. # 4, 5, 6, 7). Petitioner filed a Motion for Default Judgment on October 1, 2012 and Respondents Response was due by October 18, 2012.

Respondents have also failed to respond to the Motion for Default Judgment. More than six months have passed since the Petitioner filed its Motion to Confirm Arbitration Award; more than three months have passed since the last Respondent was served with the Motion to Confirm

Arbitration Award (see Doc. # 7); and more than two months have passed since the Petitioner filed its Motion for Default Judgment. After careful consideration, the Court concludes that Petitioner's Motion for Default Judgment should be granted and the arbitration award should be confirmed.

## CONCLUSION

For the reasons set forth herein, Petitioner's Motion for Default Judgment (Doc. # 8) is **GRANTED**. Petitioner's Motion for Confirmation of Arbitration Award (Doc. # 1) is likewise **GRANTED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
TERRY L. WOOTEN<br>
United States District Judge

December 20, 2010
Florence, South Carolina